Filed 3/30/22  P. v. Gonzalez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO JACOBO GONZALEZ,<br><br>Defendant and Appellant. | F080555<br><br>(Super. Ct. No. VCF212472B)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Tami M. Krenzin and Max Feinstat, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Peña, J. and Meehan, J.

## INTRODUCTION

In 2014, a jury convicted petitioner Armando Jacobo Gonzalez on two counts of first degree murder (Pen. Code,[1] § 187, subd. (a)), with a multiple-murder special circumstance (§ 190.2, subd. (a)(3)), and a special circumstance that petitioner intentionally killed the victim while an active participant in a criminal street gang (§ 190.2, subd. (a)(22)).[2] (*People v. Anguiano et al.* (May 25, 2017, F069881) [nonpub. opn.] (*Anguiano*).) For these offenses, petitioner was sentenced to two consecutive terms of life without the possibility of parole.

In 2019, petitioner filed a petition for resentencing on his murder convictions pursuant to section 1170.95. The court summarily denied the petition on the ground petitioner is ineligible for relief.

On appeal, petitioner argues the trial court erred in (1) failing to appoint counsel to represent him on the petition, (2) relying on this court's opinion in petitioner's direct appeal to deny relief, and (3) finding petitioner ineligible for resentencing. We agree the court erred in disposing of the petition without appointing counsel. Furthermore, to the extent the court made factual findings based on the record of conviction, the court also erred. However, we conclude the errors were not prejudicial because the record of conviction establishes petitioner is ineligible for resentencing as a matter of law. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying petitioner's offenses arise from two incidents, which we briefly summarize.[3] The first incident began on the afternoon of September 27, 2008,

---

[1] Undesignated statutory references are to the Penal Code.

[2] Petitioner was convicted of additional offenses, as described below.

[3] Our factual summary is based on the facts as stated in our opinion in petitioner's direct appeal. We provide these facts for background purposes because they were recited by both parties in their briefing. However, we do not rely on these facts in resolving the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

when petitioner and fellow gang members engaged in a dispute with rival gang members outside of an apartment. Petitioner returned to the apartment later that night, armed with a .38-caliber revolver. After a brief exchange of words through the door of the apartment, petitioner shot through the door, killing M.L., the 13-year-old brother of the gang member involved in the earlier dispute. The second incident occurred on October 3, 2008, approximately two weeks after a drive-by attack on Jose Anguiano, one of petitioner's fellow gang members and eventual codefendants. Petitioner gave Anguiano a gun, encouraged Anguiano to retaliate, and drove Anguiano and another fellow gang member to a house in Porterville. There, Anguiano fired upon a group of men, killing Samuel Guzman, an alleged rival gang associate. (*Anguiano*, *supra*, F069881.)

On May 6, 2014, the Tulare County District Attorney filed a fourth amended information, charging petitioner with the first degree murder of M.L. (§ 187, subd. (a); count 1), with multiple-murder and gang-murder special circumstances (§ 190.2, subd. (a)(3), (a)(22)), and firearm and gang enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (b), (c), (d)); the first degree murder of Guzman (§ 187, subd. (a); count 2), with multiple-murder and gang-murder special circumstances (§ 190.2, subd. (a)(3), (a)(22)), and firearm and gang enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (c), (d), (e)(1)); five counts of premeditated attempted murder (§§ 187, subd. (a), 664, *id.*, subd. (a); counts 3-7), with firearm and gang enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (c), (d), (e)(1)); and shooting at an inhabited dwelling (§ 246; count 8), with firearm and gang enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (b), (c), (d)).

On May 23, 2014, a jury convicted petitioner as charged on all counts and found all enhancements and special circumstance allegations to be true. On July 21, 2014, the court sentenced petitioner on each of counts 1 and 2 to consecutive terms of life without the possibility of parole, and on each of counts 3 through 7 to consecutive terms of life with the possibility of parole. On each of counts 1 through 7, the court imposed an

additional term of 25 years to life for the firearm enhancements. Sentence on count 8 was imposed and stayed. (§ 654.) (*Anguiano*, *supra*, F069881.)

On appeal, we vacated one of the multiple-murder special-circumstance findings as duplicative and superfluous. In all other respects, we affirmed. (*Anguiano*, *supra*, F069881.)

On August 23, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.[4] He further averred that the victim was not a peace officer and petitioner was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime.

On August 26, 2019, the court summarily denied the petition on the ground petitioner was "not eligible for relief."

---

[4] At the time petitioner filed his petition, section 1170.95 did not expressly permit a petition for resentencing on convictions for attempted murder. (§ 1170.95, former subd. (a).) However, section 1170.95 has since been amended to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, § 1, subd. (a).) These amendments took effect on January 1, 2022.

We do not address petitioner's resentencing eligibility on his attempted murder convictions. Petitioner may file a petition for resentencing on his attempted murder convictions in the trial court, if desired. Petitioner retains any remedies available to him in the trial court.

On October 17, 2019, petitioner, in propria persona, filed a second petition for resentencing pursuant to section 1170.95, in which he made the same declarations as in the first petition. On October 21, 2019, the court summarily denied the petition, noting, "This same request was previously denied."

On November 26, 2019, petitioner, in propria persona, filed a third petition for resentencing pursuant to section 1170.95, in which he made the same declarations as in the first and second petitions. On December 6, 2019, the court summarily denied the petition, stating, "A review of the Court file demonstrates that petitioner is not eligible for relief."

This timely appeal followed.

## DISCUSSION

### I.      Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted,

5.

counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[5]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above."  (*Gentile*, at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1,

---

[5] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

6.

2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested.[6] (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by

---

[6] Petitioner asks us to take judicial notice of certain legislative history materials regarding Senate Bill No. 1437 (2017-2018 Reg. Sess.) and the timeframe for appointing counsel under section 1170.95. However, our Supreme Court has held, and section 1170.95 has been amended to clarify, that counsel must be appointed upon the filing of a facially sufficient petition. (§ 1170.95, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at p. 966.) Accordingly, we deny the request for judicial notice as irrelevant.

the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. Appointment of Counsel

Petitioner contends the trial court erred in failing to appoint counsel.

At the time the trial court ruled on the petition, our Supreme Court had not resolved whether section 1170.95 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition. (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-967.) However, both our Supreme Court and Legislature have since clarified that counsel must be appointed if requested, and briefing must proceed, so long as the petition complies with the requirements of section 1170.95, subdivision (b)(1) and (2). (§ 1170.95, subd. (b)(3); accord, *Lewis*, at pp. 962-963, 967.) Here, the People do not suggest the petition failed to meet the requirements of section 1170.95, subdivision (b). Accordingly, appointment of counsel and a full opportunity for briefing were required by section 1170.95, subdivisions (b)(3) and (c). (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) The court erred in disposing of the petition without following these procedures.

**III. Trial Court's Reliance on Opinion in Petitioner's Direct Appeal**

Petitioner argues the trial court erred in relying on this court's opinion in petitioner's direct appeal to deny the petition without affording petitioner an opportunity to present additional legal argument and evidence.

As an initial matter, we note that the trial court summarily denied the petition without a statement of reasons. It therefore is unclear what materials the court relied on and what conclusions it drew in determining petitioner is ineligible for resentencing. The record on appeal in this case contains certain documents regarding the underlying criminal proceedings, including amended complaints, original and amended informations, and original and amended abstracts of judgment. During the pendency of this appeal, petitioner filed a request to augment the record on appeal with "any documents in the court file that the court considered in denying the petition." The motion was granted and, in response, an augmented clerk's transcript was filed containing a copy of this court's opinion in petitioner's direct appeal and e-mail correspondence between court staff and the trial court judge confirming that the trial court relied on the appellate opinion in ruling on the petition.

The opinion in petitioner's direct appeal is part of the record of conviction that the court may consider in determining whether petitioner has made a prima facie showing of resentencing eligibility. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) However, the role of the appellate opinion is circumscribed. The factual summary contained in an appellate opinion is not considered admissible evidence regarding a petitioner's resentencing eligibility (§ 1170.95, subd. (d)(3)), and the court may not engage in factfinding based on the appellate opinion at the prima facie stage (*Lewis*, *supra*, 11 Cal.5th at p. 972).

Here, the appellate opinion noted that petitioner's jury found gang- and multiple-murder special circumstances to be true. (*Anguiano*, *supra*, F069881.) As we explain below, the jury's true finding on the gang-related special circumstances establishes petitioner is ineligible for resentencing as a matter of law. To the extent the trial court

9.

relied on this finding in denying the petition, it did not err. However, to the extent the trial court relied on the factual summary contained in the opinion, or engaged in factfinding based thereon, we agree with petitioner that doing so was error.

## IV.    Prejudice

Because the trial court erred in failing to appoint counsel, and may have erred by engaging in premature factfinding based on the appellate opinion, we may affirm only if petitioner was not prejudiced by the error. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) As we explain, we conclude petitioner was not prejudiced because the jury's gang-related special-circumstance findings establish he is ineligible for resentencing as a matter of law.

Pursuant to section 1170.95, a petitioner is ineligible for resentencing if he or she was the actual killer, acted with the intent to kill or malice aforethought, or was a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) Here, as to each murder count, the jury found true a special circumstance pursuant to section 190.2, subdivision (a)(22), which imposes a sentence of death or life without the possibility of parole for a murder involving the defendant's active participation in a criminal street gang. To find the special circumstance true, the jury was required to find that petitioner intended to kill the victim.[7] (§ 190.2, subds. (a)(22), (c); *People v. Allison* (2020) 55 Cal.App.5th 449, 460 (*Allison*); accord, *People v. Fayed*

---

[7] The same is generally true of a multiple-murder special circumstance. (§ 190.2, subds. (a)(3), (c).) Here, however, the jury was not specifically instructed that it had to find petitioner intended to kill in order to find the multiple-murder special circumstance true. In petitioner's direct appeal, we concluded the instruction therefore was improper, but harmless in light of the gang-related special-circumstance finding. (*Anguiano*, *supra*, F069881.) Regardless, we do not consider the effect of the multiple-murder special-circumstance finding on petitioner's resentencing eligibility because the true findings on the gang-related special circumstances independently render petitioner ineligible for resentencing as a matter of law.

(2020) 9 Cal.5th 147, 201-202 [considering murder for financial-gain special circumstance pursuant to § 190.2, subd. (a)(1)].) More specifically, the jury was required to find that petitioner either (1) was the actual killer and intended to kill the victim, or (2) aided and abetted in the commission of first degree murder with the intent to kill. (§ 190.2, subds. (a)(22), (c).) The true findings on the gang-related special circumstances therefore establish the jury made the findings necessary to sustain the murder convictions under the law as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.).

Nonetheless, in a letter filed with this court prior to oral argument, petitioner brings to our attention the recently filed decision in *People v. Pacheco* (G059941, Mar. 9, 2022) ___Cal.App.5th ___ [2022 Cal.App. LEXIS 192]. There, a jury had found Pacheco guilty of first degree murder with a gang special circumstance, and the trial court later summarily denied his section 1170.95 petition for resentencing. (*Pacheco*, at p. ___ [2022 Cal.App. LEXIS 192, *1].) On review of the denial of the petition, the Court of Appeal noted the jury had been instructed on various theories of aiding and abetting liability, including the natural and probable consequences doctrine. (*Id.* at pp. ___-___, ___-___ [2022 Cal.App. LEXIS 192, *8-*9, *13-*15].) The jury also had been instructed, " 'Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime.' " (*Id.* at pp. ___-___ [2022 Cal.App. LEXIS 192, *8-*9], italics omitted.) On the gang special circumstance, the jury had been instructed, in relevant part, that it could find the special circumstance true if " '[a] perpetrator intentionally killed [the victim]' " and Pacheco " 'had the intent to kill at the time of the killing.' " (*Id.* at pp. ___-___ [2022 Cal.App. LEXIS 192, *13-*14], italics omitted.) Reading these instructions together, the Court of Appeal concluded the gang special circumstance established Pacheco intended to kill the victim, but did not establish he directly aided and abetted the killing (as opposed to aiding and abetting a different,

11.

nontarget crime, such as disturbing the peace).  (*Id.* at pp. ___-___ [2022 Cal.App. LEXIS 192, *14-*15].)

To the extent petitioner relies on *Pacheco* to suggest the instructions given in his criminal trial were similarly deficient, and the true findings therefore do not establish he aided and abetted in the murder with intent to kill, we decline to address this argument.[8] Section 1170.95 provides a mechanism for resentencing individuals whose convictions are no longer valid due to changes to sections 188 and 189.  (§ 1170.95, subd. (a)(3).)  It does not provide a mechanism for challenging a jury's prior factual findings.  (*Allison*, *supra*, 55 Cal.App.5th at p. 461.)  "The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Ibid.*)  In other circumstances, this court has declined to utilize the section 1170.95 procedure to examine the record of conviction to determine whether a special circumstance finding was properly entered.  (*People v. Simmons* (2021) 65 Cal.App.5th 739, 749, review granted Sept. 1, 2021, S270048.)  Rather, this court has concluded that such findings are binding on the issues necessarily decided by the jury, unless the findings were invalidated on direct appeal or in a habeas proceeding.  (*Ibid.*)  Petitioner's special circumstance findings have not been invalidated on direct appeal or in habeas.

---

[8] The jury instructions from petitioner's criminal trial are not contained in the record on appeal, and neither party filed a motion with this court requesting that we take judicial notice of the record from petitioner's direct appeal.  (Cal. Rules of Court, rule 8.252(a).)  We therefore have no basis to compare petitioner's jury instructions to the instructions given in *Pacheco*, even if we were inclined to do so.  The only available information regarding petitioner's jury instructions comes from the opinion in his direct appeal, where we noted the jury was instructed with regard to the gang-related special circumstance as follows:  " 'If a defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with intent to kill for the special circumstance of [section] 190.2[, subdivision ](a)(22) to be true.' "  Thus, we held the jury's true findings on the gang-related special-circumstance allegations "leave no doubt as to [the jury's] finding of an intent to kill."  (*Anguiano*, *supra*, F069881.)

The findings establish that petitioner either (1) was the actual killer and intended to kill the victims, or (2) aided and abetted in the commission of first degree murder with the intent to kill. (§ 190.2, subds. (a)(22), (c).)

On that basis, he is ineligible for resentencing as a matter of law. He therefore was not prejudiced by the court's summary denial of his petition. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.)

## DISPOSITION

The order is affirmed.